IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCIS X. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 04-cv-10922-DPW |
| | ) | |
| INTERNAL REVENUE SERVICE, UNITED | ) | |
| STATES GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' ANSWER AND COUNTERCLAIM

### FIRST DEFENSE

The United States has not waived its sovereign immunity to be sued in this action.

### SECOND DEFENSE

The plaintiff has failed to satisfy the jurisdictional prerequisites required to bring this action.

### THIRD DEFENSE

The Internal Revenue Service is not a proper party to this action; the proper party defendant is the United States of America.

### FOURTH DEFENSE

To the extent that this action is seeking to enjoin the assessment or collection of a tax, it is barred by the Anti-Injunction Act, 26 U.S.C. § 6321.

### FIFTH DEFENSE

The United States responds to the specific allegations of the complaint as follows:

1.    *Plaintiff is a resident of South Boston, Massachusetts and is a United States citizen.*

RESPONSE:   The United States admits that the plaintiff is a resident of South Boston but is

without knowledge or information sufficient to form a belief as to whether

plaintiff is a citizen of the United States.

2.      *Defendant is the Internal Revenue Service an agency of the United States*

*Government.*

RESPONSE:   The United States denies the allegations contained in paragraph 2 of the complaint

but avers that, if jurisdiction exists, the United States is the proper party defendant

to this action.

3.      *This court has subject matter jurisdiction under [blank].*

RESPONSE:   The United States denies the allegations contained in paragraph 3 of the complaint

as plaintiff has not established a statutory basis for subject matter jurisdiction and

has instead left this paragraph blank.

4.      *The defendant has assessed plaintiff a civil penalty for the nine quarters for the*

*periods ended 12-31-93 through 12-31-95.  This assessment is incorrect as the*

*defendant did not establish responsibility and willfulness as per Internal Revenue*

*Code 6672.*

RESPONSE:   The United States admits that the Internal Revenue Service made assessments

against the plaintiff as a responsible person pursuant to 26 U.S.C. § 6672 with

respect to the nine corporate tax periods ending December 31, 1995, and it denies

the remaining allegations contained in paragraph 4 of the complaint.

5.      *The plaintiff has appealed this assessment through the appeals department of the*

*defendant.*

RESPONSE:    The United States admits the allegations contained in paragraph 5 of the

complaint.

6.      *On March 13, 2003, the plaintiff filed with the defendant form 843 claim form and*

*because this is considered a divisible case nine One Hundred Dollar payments*

*were made with the designation that $100 be applied to each of the nine quarters.*

*The claim stated that the plaintiff was not a responsible person under IRC 6672.*

RESPONSE:    The United States admits the allegations contained in paragraph 6 of the

Complaint.

7.      *The nine $100 payments were applied by the defendant on March 17, 2003, but*

*the plaintiff has not received a reply to the Form 843 since that time.*

RESPONSE:    The United States admits that the nine $100 payments were applied to plaintiff's

26 U.S.C. § 6672 liabilities on March 17, 2003, but is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 7 of the complaint.

8.      *On April 11, 2003, the plaintiff requested through the Freedom of Information Act*

*documents prepared by the defendant which led to this assessment.  To date the*

*defendant has not provided any documents.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 8 of the complaint.

9.      *Wherefore the plaintiff demands all payments to date and all expenses of a*

*nominal nature to be reimbursed and the entire assessment be abated.*

RESPONSE:    No response is required to plaintiff's request for relief.

- 3 -

<u>COUNTERCLAIM AGAINST FRANCIS X. MOORE</u>

The United States of America, by its attorney, Michael J.. Sullivan, United States Attorney for the District of Massachusetts, pursuant to the provisions of 26 U.S.C. § 7401(a), at the direction of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, asserts the following counterclaim against the plaintiff Francis X. Moore for outstanding unpaid liabilities for a one-hundred percent penalty under 26 U.S.C. § 6672.  The United States complains and alleges as follows:

1.      This Counterclaim is brought pursuant to Rule 13 of the Federal Rules of Civil Procedure.

2.      This Court has subject matter jurisdiction over this counterclaim pursuant to Section 1346(c) of Title 28, United States Code, and Section 7402 of the Internal Revenue Code of 1986 (26 U.S.C.).

3.      On January 28, 2003, a delegate of the Secretary of the Treasury made an assessment in accordance with the law against Francis X. Moore of a 100 percent penalty in the amount of $27,472.81, pursuant to the provisions of 26 U.S.C. § 6672, by reason of his willful failure as a responsible person to collect, truthfully account for, and pay over withheld income and Federal Insurance Contributions Act (FICA) taxes (commonly referred to as trust fund taxes) withheld from the wages of the employees of Focus Financial Services, Inc., for the fourth quarter of 1993, the first, second, third, and fourth quarters of 1994, and the first, second, third, and fourth quarters of 1995.

4.       Notice of the assessment described above and a demand for payment thereof were duly sent to Francis X. Moore.  Despite said notice and demand, Francis X. Moore has neglected to pay in full the assessed liability and there remains due and owing the United States with respect thereto, after the application of all payments and credits, the sum of $19,387.45 as of August 15, 2004, plus statutory interest accruing from that date.[1]

WHEREFORE, the defendant, United States of America, demands the following relief:

1.       That the Plaintiff's complaint be dismissed with prejudice;

2.       Judgment in favor of the United States and against the plaintiff-counterclaim defendant, Francis X. Moore, in the amount of $19,387.45 as of August 15, 2004, plus interest as provided by law; and

---

[1]  The amount that remains due stems from the third and fourth quarter of 1994, and all four quarters of 1995.  The last quarter of 1993, and the first two quarters of 1994, have been satisfied.

3.    That the United States of America have such other and further relief as the Court

deems just and proper, including its costs.

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on
```
   7/30/04 Lydia D. Bottome

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney


/s/ Lydia D. Bottome
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Francis X. Moore
56 Story Street
South Boston, Massachusetts 02127