IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FRANCIS X. MOORE,

Plaintiff,

v.

INTERNAL REVENUE SERVICE
(UNITED STATES GOVERNMENT),

Defendant.

Civil No. 04-10922-DPW

JOINT MOTION TO STAY ACTION PENDING
OUTCOME OF ADMINISTRATIVE PROCEEDINGS

Plaintiff and counterclaim defendant Francis Moore and defendant and counter-claim plaintiff United States jointly move this court to enter an order staying the above-captioned case. As grounds for this motion, the parties assert as follows:

This refund action was initiated by Mr. Moore with respect to liabilities assessed against him as a responsible person for the American Legion Post #368 pursuant to 26 U.S.C. § 6672. The United States initiated a counterclaim to reduce the unpaid § 6672 assessments in the amount of approximately $19,000.00 to judgment for the periods ending December 31, 1995. The parties in this matter have completed discovery, and the United States is contemplating the filing of a motion for summary judgment.

However, this action may be rendered moot or the amount in dispute *may* be reduced by the Internal Revenue Service. It is the understanding of the parties that, at this time, American Legion Post #368 is involved in settlement discussions with the Appeals Office of the Internal Revenue Service in an attempt to compromise and pay its

federal tax liabilities, including the employment taxes. Any compromise or payment made with respect to those employment taxes may impact the obligations of Mr. Moore, for example, if payment were made on the liability and applied to periods for which a liability has been assessed against Mr. Moore.[1] Thus, until there is a resolution to the administrative actions being taken by the American Legion Post #368, judicial economy would be best served by staying these proceedings so as to avoid the needless expenditure of the resources of this Court, the United States Department of Justice, and Mr. Moore. There is little need to continue pursuing a disposition of this matter until a final determination is made by the Internal Revenue Service. Furthermore, should the action proceed ahead of the Appeals Office's determination and the United States prevail on its counterclaim, Mr. Moore would be saddled with a judgment in excess of what he might owe were the present action stayed. Such a result would be unfair and it ought to be avoided by granting a stay.

[1] To the extent a payment is made with respect to the trust fund portion of the employment tax liability, a credit would be made against the responsible person assessment. Once a payment is made on the trust fund portion, it is not collected twice.

CONCLUSION

As a result, the parties request a stay of these proceedings until such time as a determination is made. At that time, counsel for the United States will notify this Court and Mr. Moore of the outcome and its impact on this litigation.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on

 4/08/05 - Lydia Bottome Turanchik 

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

   (by telephone consent)   
FRANCIS X. MOORE
56 Story Street
South Boston, Massachusetts 02127

/s/ Lydia Bottome Turanchik 
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov