ments generated by the allowance of foreign credits. See 26 U.S.C. § 6611(f)(1) & (2). In Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. 97-248, § 346(c), 96 Stat. 637, Congress changed the effective dates of carryback credits in all of the carryback interest provisions for both overpayments and deficiencies from the last day of the taxable year in which the credit arose to the due date for filing the return for that year. The rule that the Fluor court effectively pronounced, and the argument that Dresser now advances, is that "Congress intended for the interest accrual rules to be the same with respect to overpayments and underpayments for every type of credit except foreign tax credits." Dresser [99-2 USTC ¶ 50,678], 73 F.Supp.2d at 697.

Such a proposition is illogical and inconsistent with the Internal Revenue Code's consistent policy of symmetrical treatment with respect to the period during which interest accrues on both underpayments of tax that are eliminated by carrybacks and overpayments of tax resulting from carrybacks. See Intel [CCH Dec. 52,816], 111 T.C. at 103. Thus, as the Tax Court opined in Intel, it would be contrary to well-ingrained tax policy, and indeed an eccentric action by Congress, for interest attributable to a deficiency that is reduced or eliminated by the carryback of a foreign tax credit to accrue for a different period than interest on an overpayment resulting from the same foreign tax carryback. Id. at 104. Indeed, Congress's amendments to § 6601(d) in 1997 indicate the intent to maintain symmetry between the interest accrual rules. See § 6601(d)(2) (specifying that interest related to carryback of a foreign tax credit continues to accrue until the filing date of the year in which the credit arises). Consequently, we hold that Dresser's deficiency interest accrued until the filing date of the returns for the tax years in which the foreign tax credits arose.

V.

For the reasons assigned, the district court's judgment for the Government is AFFIRMED.

---

[¶ 50,181] In re Eugene E. Clifford, Debtor. United States of America, Appellant v. Eugene E. Clifford, Appellee.

U.S. District Court, Dist. Mass.; 99-CV-40214-NMG, 00-CV-40158-NMG, 00-CV-40159-NMG, 11/21/2000; amended 1/18/2001. Affirming in part, reversing and remanding in part an unreported Bankruptcy Court decision.

[Code Sec. 6672]

Appeal from Bankruptcy Court: Penalties, civil: Trust fund recovery penalty: Responsible person: Burden of proof.—The bankruptcy court did not improperly shift to the government the burden to prove that a former officer and minority owner of a company was a responsible person liable for the trust fund recovery penalty. Although the government was requested to present its case first, there was no clear evidence in the record that the burden of proof actually shifted to the government. Back reference: ¶ 39,780.46.

[Code Sec. 6672]

Appeal from Bankruptcy Court: Penalties, civil: Trust fund recovery penalty: Responsible person.—A former officer and minority owner of a company was not a responsible person liable for the trust fund recovery penalty in connection with his company's failure to pay over employment taxes. The officer did not possess sufficient control over the company's finances to incur liability even though he controlled many corporate functions. While the officer had authority to sign checks and make employment decisions, he never wrote any payroll checks, a duty the majority owner said he would assume. Further, he did not have access to the corporate books or to the bank account from which the company paid its payroll taxes. Back references: ¶ 39,780.708 and ¶ 39,780.719.

MEMORANDUM & ORDER

GORTON, District Judge: On December 28, 1999, Appellant, the Internal Revenue Service ("the IRS") filed an appeal (Bankruptcy Appeal, 99-CV-40214 ["the '99 Appeal"]) from a judgment rendered by the United States Bankruptcy Court. In its Appellant's Brief, the IRS claims that the Bankruptcy Court (1) erroneously allowed its proof of claim (filed in the name of the United States of America) in a deficient amount, (2) incorrectly applied a provision of the United States Tax Code to the facts of the case thereby disallowing a claim of the IRS for $175,868.57, and (3) improperly issued two orders requiring the IRS to disgorge funds received by it in the Chapter 13 proceeding of the debtor, Eugene Clifford ("Clifford"). The IRS has also filed in this Court a motion to stay the Bankruptcy Court's order pending appeal and for a hearing.

¶ 50,181

On September 14, 2000, the IRS filed in this Court two additional appeals (Bankruptcy Appeal, 00-CV-40158 ["#158"] and Bankruptcy Appeal, 00-CV-40159 ["#159"]). In the #158 Appeal, the IRS appeals the January 14, 2000 Bankruptcy Court order denying its motions for stay pending appeal and to vacate prior order and in the #159 Appeal, the IRS appeals a subsequent Bankruptcy Court order which did the same thing.

Pending before this Court are (1) motions of the IRS (a) to consolidate the three Bankruptcy Appeals and (b) for stay pending appeal and request for a hearing and (2) appeals of the IRS from (a) the judgment rendered by the Bankruptcy Court on November 6, 1999 and (b) of two disgorgement orders entered by the Bankruptcy Court.

## II. Background

On April 13, 1995, Clifford filed for protection under Chapter 13 of the Bankruptcy Code (11 U.S.C.) in the United States Bankruptcy Court for the District of Massachusetts. On April 29, 1996, the Bankruptcy Court confirmed Clifford's Chapter 13 plan of reorganization.

On August 2, 1995, the IRS (in the name of the United States of America) filed a proof of claim against Clifford in the amount of $188,454.72. The proof of claim was for (1) personal federal income taxes for the years 1988 and 1992, together with penalties and interest, in the amount of $12,586.15 and (2) two tax "penalty" assessments made against Clifford as an officer of Noyes Insulation, Inc. ("the Company"), with interest, in the amount of $175,868.58. The IRS sought to recover from Clifford the payroll tax withholdings from the wages of Company employees for part of the fourth quarter of 1984 and the first three quarters of 1985. Clifford filed an objection to the IRS claim on September 20, 1996.

The Bankruptcy Court conducted a trial with respect to the IRS claim on November 3, 1996. Clifford testified that he became involved with the Company in February, 1984 with the intent of purchasing it after the owner, Herbert Noyes ("Noyes"), retired. He became the Vice President of the Company in November, made a $15,000 capital contribution and thereafter became a 30% owner of the Company.

Clifford stated that he met with various mechanical contractors, prepared bids, managed projects for the Company, and wrote and signed corporate checks for materials and other items. He had authority to hire and fire any employee who worked on Company insulation projects. He co-signed a $100,000 corporate note in February, 1985 because the Company was having financial difficulties and had a payroll tax delinquency.

Clifford further testified that he had nothing to do with the Company payroll, never saw the corporate books because they were kept in a locked safe, and was told by Noyes that Noyes would take care of all the payroll taxes. Clifford stated that he knew that the company was suffering financial difficulties in December, 1984 but that he suggested to Noyes that it continue to pay some creditors in order to stay in business, by, in his words, "robbing Peter to pay Paul."

After the hearing and brief deliberations, the Bankruptcy Court orally ruled that Clifford was not liable for the penalty assessments because he was not a "responsible person" under 26 U.S.C. § 6672. The Court entered an order allowing the IRS claim for Clifford's personal federal income tax liability in the amount of $3,765.33.

On November 9, 1999, the Bankruptcy Court entered an order ("the First Disgorgement Order") (1) requiring the IRS to refund the excess of the funds received by it over the amount of its allowed claim and (2) ordering Clifford to pay from the resulting surplus an amount he owed to BankBoston for a mortgage arrearage. After the IRS moved to vacate the order for lack of process, the Bankruptcy Court ruled that the first order was moot and issued another order ("the Second Disgorgement Order") on January 14, 2000.

On November 15, 1999, the IRS filed in the Bankruptcy Court a notice of appeal of the decision of the Bankruptcy Court, which is pending before this Court as the '99 Appeal. During the following nine months, the IRS filed numerous motions to stay, to vacate, to consolidate, etc. and notices of appeal the net result of which are the pending motions and appeals described in the introductory section of this Memorandum.

## III. Discussion

### A. Motions to Consolidate the Appeals

The IRS has moved on three separate occasions to consolidate its appeals pursuant to Fed.R.Civ.P. 42(a), which is made applicable to the instant case by Fed.R.Bankr.P. 9014 and 7042, MLBR 9013-1, and Local Rule 203(A). This Court will allow those motions.

### B. Appeal of the Bankruptcy Court's Partial Allowance of IRS Proof of Claim

On appeal, the IRS objects to the Bankruptcy Court's partial allowance of its proof of claim in the amount of $3,765, rather than the appropriate amount of $188,454. The IRS contends that (1) the Bankruptcy Court allowed its claim for Clifford's personal federal income tax liability in the amount of $12,586 in its oral ruling but failed to list the appropriate amount in its order

and (2) erroneously applied 26 U.S.C. § 6672 to the facts of the case.

1. Allowance of IRS's Proof of Claim for Clifford's Personal Federal Income Tax Liability

The IRS claims that it is entitled to a judgment in the amount of $12,586.15, the full amount of Clifford's personal federal income tax liability for the years 1988 and 1992 because he never objected to the agency's proof of claim either before or at trial. The IRS further contends that the Bankruptcy Court specifically found that the portion of the claim relating to Clifford's personal federal income tax liability was uncontested in its oral ruling and that it should have allowed the proof of claim in that amount in its written order. It contends that the court, in entering its judgment, confused $3,765.33, the exact amount of interest on the claim at the time of trial, with the full amount of the income tax claim and made a clerical error in transcribing the amount of the judgment. In his opposition brief, Clifford does not deny that the IRS is entitled to $12,586.15.

The Bankruptcy Code provides special rules for the administration of claims. Sections 501 and 502 of Title 11 deal with pre-petition claims made against the property of a debtor's estate. Sections 106(1) and 505 of the Bankruptcy Code authorize a bankruptcy court to determine the validity and the amount of tax claims which are normally asserted by the United States against debtors' estates as "proofs of claim" under 11 U.S.C. § 502.

Under the Bankruptcy Code, a creditor may file a proof of claim which is "deemed allowed" unless a party in interest objects. 11 U.S.C. §§ 501(a), 502(a). A proof of claim filed in accordance with the Bankruptcy Rules is *prima facie* evidence of the validity and amount of the claim. See *In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir. 1993), cert. denied, 506 U.S. 891 (1993); *United States v. Braunstein* [97-2 USTC ¶ 50,581], 209 B.R. 152, 155-57 (D.Mass. 1997). In order to rebut the presumption that attaches to a proof of claim, a party objecting must produce "substantial evidence." See *In re Hemingway Transport, Inc.*, 993 F.2d at 925.

Because federal common law applies to tax proceedings in bankruptcy cases, such cases must be litigated the same way they would be in any other forum. See, e.g., *In re Stoecker* [2000-1 USTC ¶ 50,494], 179 F.2d 546, 551 (7th Cir. 1999), aff'd sub nom. *Raleigh v. Illinois Dept. of Revenue*, [2000-1 USTC ¶ 50,498], 530 U.S. 15 (2000); *In re Hayes* [99-1 USTC ¶ 50,498], 240 B.R. 457, 462-63 (Bankr. D.Mass. 1996). Under applicable federal common law, a presumption of correctness attaches to a tax assessment made by the IRS. See *Geiselman v. United States* [92-1 USTC ¶ 50,200], 961 F.2d 1, 6 (1st Cir. 1992). In order to overcome this presumption, an objecting party must demonstrate by a preponderance of the evidence that the assessment is entirely incorrect. See *Caterino v. United States* [86-1 USTC ¶ 9452], 794 F.2d 1, 5 (1st Cir. 1986).

In this case, the Bankruptcy Court should have entered an order allowing the IRS's proof of claim in the amount of $12,586.15. Apparently, it erred by entering judgment in the amount of the interest, $3,765.33, instead of the amount of the principal, with interest, of $12,586.15. Judgment will be entered in the latter amount.

2. Consideration of the IRS's Claim for $175,868.57 Under 26 U.S.C. § 6672

a. Background

Sections 3102 and 3402 of the Internal Revenue Code require an employer to deduct and withhold income and social security taxes from the wages paid to its employees. 26 U.S.C. §§ 3102(a), 3402. Section 7501 of the Code provides that the withheld taxes are to be retained by the employer as a special trust fund for the United States. 26 U.S.C. § 7501. Once federal income and social security taxes are withheld from an employee's wages, the United States is required to credit those amounts against the employees' income tax liabilities. 26 U.S.C. § 31(a).

Because the IRS has no recourse against employees whose taxes have been withheld from their wages, the Code "imposes liability on certain individuals whom it deems to be in positions to determine whether employers remit taxes to the government." *Caterino* [86-1 USTC ¶ 9452], 794 F.2d at 3. Section 6672 of the Code provides in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to . . . pay over such tax . . . shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672. In determining whether a third-party is liable for the withheld payroll taxes under the statute, the person must (1) be "responsible" for collecting, accounting for, and paying over the tax and (2) act "willfully" within the meaning of section 6672. See *Vinick v. United States* [2000-1 USTC ¶ 50,263], 205 F.3d 1 (1st Cir. 2000) ("*Vinick II*"); *Vinick v. Commissioner of Internal Revenue* [97-1 USTC ¶ 50,333], 110 F.3d 168 (1st Cir. 1996) ("*Vinick I*"); *Caterino* [86-1 USTC ¶ 9452], 794 F.2d at 3, quoting *Harrington v. United States* [74-2 USTC ¶ 9772], 504 F.2d 1306, 1312-13 (1st Cir. 1974).

As the First Circuit stated in *Vinick II*, "All the factors involved in making the legal determination of responsibility are designed to focus the attention on the central question of power." *Id.* at 11. The essence of the inquiry is whether the insider possessed sufficient control over the company's financial affairs such that liability under § 6672 can fairly be assessed against him or her. *See Caterino* [86-1 USTC ¶9452], 794 F.2d at 5 (noting that the inquiry about responsibility is whether the person had the power "to determine whether the taxes should be remitted or paid or had the final word as to what bills should not be paid and when" [internal quotation marks and citation omitted]).

After hearing testimony at trial, the Bankruptcy Judge in this case concluded that Clifford was not a "responsible person" because he did not possess sufficient control over the finances of the Company. The court concluded that while his control over the corporation extended to many of the functions embraced by this Circuit's totality test, it did not meet the threshold level required to impose liability on Clifford for the payroll tax debt.

The Bankruptcy Judge, who had a better opportunity than this Court to evaluate Clifford's credibility, found that he was, in essence, "kept in the dark" by Noyes, the majority owner of the Company, as to the corporation's finances during part of his involvement with the Company. The Bankruptcy Court further found that Clifford, though he could hire and fire employees, sign checks for materials and co-sign corporate notes, did not have access to the corporate books nor to the second bank account that the Company used for payroll purposes.

The Bankruptcy Court's findings were based on substantial evidence in the record. Clifford clearly testified that he never saw the Company books because Noyes, the majority owner of the corporation, kept them in a locked safe. He stated that Noyes retained the duty to pay the taxes and assured him that he would "take care" of the payroll tax withholdings.[1] Clifford testified that he never wrote any payroll checks and only used corporate funds to purchase materials for insulation jobs.

The record contains substantial evidence in support of the Bankruptcy Court's determination that Clifford lacked sufficient control over corporate financial affairs to be liable for the payroll tax debt. Based upon the evidence in the record, this Court does not possess "a strong, unyielding belief that a mistake has been made," and thus will not reverse the determination that Clifford was not liable under § 6672. *Cumpiano*, 902 F.2d at 152. It will, instead, affirm the Bankruptcy Court's disallowance of the claim for $175,868.57. *See Vinick II* [2000-1 USTC ¶50,263], 205 F.3d at 15 (Lynch, J., dissenting); *Caterino* [86-1 USTC ¶9452], 794 F.2d at 6.

Because this Court finds that the Bankruptcy Court did not err in ruling that Clifford was not a "responsible person" under § 6672, it will not determine whether he acted "willfully."

d. The Burden of Proof

The IRS, in an effort to demonstrate legal error warranting *de novo* review by this Court, contends that the Bankruptcy Court erroneously shifted the burden of proof at trial to the agency to show that Clifford was liable under § 6672.

The First Circuit Court of Appeals has held that "[a]lthough the rule appears harsh, as in other tax litigation a person who challenges a section 6672 assessment bears the burden of persuasion to prove lack of control." *Caterino* [86-1 USTC ¶9452], 794 F.2d at 5. Clifford, who objected to the IRS's proof of claim, thus bore the burden of showing that he was not liable for the payroll tax withholdings.

The only evidence in the record that supports the IRS's contention is the fact that the Bankruptcy Court requested the IRS to present its case first at trial because it was "the agency's claim". The court was silent in its ruling as to who possessed the burden of proof. It did, however, specifically determine that Clifford "did not have the ability to influence or control corporate decisions with regard to taxes . . . [and] had no duty and no authority to pay taxes" (see transcript of trial proceedings, pp. 71-72).

Because the Bankruptcy Court did not clearly shift the burden of persuasion to the IRS, the evidence is not convincing that a legal error warranting a heightened standard of review was made.

C. Appeal of the Disgorgement Orders

The IRS contends that the Bankruptcy Court improperly issued two orders requiring the United States to disgorge funds received under Clifford's Chapter 13 proceeding. It argues that the First Disgorgement Order was issued with regard to a matter to which the United States was not a party and was never properly served.

Fed.R.Civ.P. 60(b)(4) (made applicable to bankruptcy cases by Fed.R.Bankr.P. 9024) provides that a court may relieve a party from a final judgment if "the judgment is void." A judgment is void if the court lacks jurisdiction over the parties. *See In re Laughlin* [97-2 USTC ¶50,606], 210 B.R. 659, 661 (1st Cir. BAP

---

[1] The IRS contends that the duty to pay over the taxes is non-delegable and claims that the Bankruptcy Court erred in allegedly finding that Clifford delegated the duty to pay the taxes to Noyes. The Bankruptcy Court, however, found that Clifford never possessed the duty in the first place, a predicate to liability under § 6672.

¶ 50,181

b. The Standard of Review

A district court should review a bankruptcy court's legal determinations *de novo. See Williams, et. al. v. Poulos, et. al.*, 11 F.3d 271, 278 (1st Cir. 1993). Findings of fact, however, will not be disturbed on appeal unless they are clearly erroneous. *See id.* Factual findings are clearly erroneous when a reviewing court, after considering the evidence, forms "a strong, unyielding belief that a mistake has been made." *Cumpiano v. Bano Santander Puerto Rico*, 902 F.2d 148, 152 (1st Cir. 1990).

The standard of review for a mixed question of fact and law depends upon the mix: the more law involved, the less deference paid to the trial court. *See, e.g., Williams*, 11 F.3d at 278 n.11; *United States v. Howard*, 996 F.2d 1320, 1328 (1st Cir. 1993) ("[T]he more fact-dominated the question, the more likely it is that the trier's resolution of it will be accepted unless shown to be clearly erroneous").

When a court's ultimate conclusion is infected by legal error the case for deference vanishes. *See Vinick II* [2000-1 USTC ¶ 50,263], 205 F.3d at 6 (holding that the court below misunderstood the legal standard for what constitutes a "responsible person" under 26 U.S.C. § 6672 because it considered the taxpayer's conduct over the entire period he was involved with the company, rather than the specific time for which the IRS sought to hold him liable), *quoting Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 855 (1982). When a trial court "premises its ultimate finding ... on an erroneous interpretation of the standard to be applied" the reviewing court must treat the trial court's conclusion as a question of law. *See United States v. Singer Mfg. Co.*, 374 U.S. 174, 194 n.9 (1963).

In the context of taxpayer liability under § 6672,

> it is settled law in this [First] Circuit that a trier of fact's determination of whether a taxpayer had sufficient control over a corporation to be deemed a responsible person is subject to clear error review. [The reviewing court] cannot reverse merely because it is convinced that it would have decided the question differently; [it] must ascertain whether the finding of fact is clearly erroneous. [It] must affirm if the finding is reasonably supported by the record as a whole. [It] must reverse when a review of the entire evidence leaves [the court] with the definite and firm conviction that a mistake has been made.

*Caterino* [86-1 USTC ¶ 9452], 794 F.2d at 6.

The majority of Circuits reviewing taxpayer liability determinations under § 6672 employ a clear error test as well. *See Glaudhour v. United States*, No. 97-5062, 1997 WL 716143, at 1, 132 F.2d 52 (Fed.Cir. Nov.17, 1997) (unpublished); *United States v. Jones* [94-2 USTC ¶ 50,448], 33 F.3d 1137, 1139 (9th Cir. 1994); *United States v. Running* [93-2 USTC ¶ 50,568], 7 F.3d 1293, 1297 (7th Cir. 1993); *Raba v. United States* [93-1 USTC ¶ 50,039], 977 F.2d 941, 943 (5th Cir. 1992); *Donelan Phelps & Co. v. United States* [89-1 USTC ¶ 9373], 876 F.2d 1373, 1374 n. 2 (8th Cir. 1989); *Williams Indus. v. United States*, No. 87-2630, 1988 WL 92869, at 1, 857 F.2d 1470 (4th Cir. Sept.6 1988) (unpublished); *Sinder v. United States* [81-2 USTC ¶ 9612], 655 F.2d 729, 731 (6th Cir. 1981).

Two Circuits approach the issue differently. *See Bradshaw v. United States* [96-1 USTC ¶ 50,028], 83 F.3d 1175, 1178 (10th Cir. 1995) (holding that determination of responsible person status presents mixed question of law and fact); *United States v. McCombs* [94-2 USTC ¶ 50,363], 30 F.3d 310, 319 (2nd Cir. 1994) (reviewing findings regarding the taxpayer's role in the company for clear error, but giving plenary review to conclusion that taxpayer's role made her responsible under § 6672).

c. The Bankruptcy Court's Application of § 6672 to the Instant Case

In order for a taxpayer to be found liable under § 6672, two factors must be present: (1) the taxpayer must have been a person required to collect, truthfully account for and pay over the withheld taxes and (2) the taxpayer must have willfully failed to collect, truthfully account for or pay over the withheld taxes. *See Vinick I* [97-1 USTC ¶ 50,333], 110 F.3d at 170. In determining whether a taxpayer is such a "responsible person" the First Circuit has fashioned a "totality test" that weighs, *inter alia*, whether the taxpayer (1) is an officer or member of the board of directors, (2) owns shares in the company, (3) is active in the management of the company, (4) has the ability to hire and fire employees, (5) makes decisions regarding which, when and in what order outstanding debts or taxes will be paid, (6) exercises control over company accounts, and (7) has check-signing authority. *See Vinick II* [2000-1 USTC ¶ 50,263], 205 F.3d at 7.

The inquiry is highly fact specific and the presence or absence of one or more factors may not be dispositive of liability under the statute. *See id.* at 8-10. For instance, while "making a personal investment shows a level of involvement in a corporation, it does not indicate financial control." *See id.* at 13-14. Check-signing authority, too, may be significant, but "case law discloses that authority to sign checks is a weak pillar on which to rest liability" under § 6672 because it may exist without the kind of substantial control that the statute requires. *Id.* at 10.

[right column, partially cut off:]

As the First Circuit st[ated] the factors involved in [the deter]mination of responsibility[...] the attention on the cent[...] *Id.* at 11. The essence o[f...] the insider possessed suf[ficient knowledge of the] company's financial affa[irs...] under § 6672 can fairly [be imputed to him] or her. *See Caterino* [86[-1 USTC ¶ 9452],] F.2d at 5 (noting that th[e...] sibility is whether the pe[rson had power to] determine whether the ta[xes...] or paid or had the fina[l...] should not be paid and [...] tion marks and citation [omitted]).

After hearing testim[ony the Bank]ruptcy Judge in this ca[se concluded that Clif]ford was not a "responsi[ble person" because he] did not possess sufficie[nt control over the fi]nances of the Compan[y...] that while his control [ex]tended to many of the [...] this Circuit's totality t[est...] threshold level required [to hold] Clifford for the payroll t[ax debt.]

The Bankruptcy Jud[ge, having greater op]portunity than this Co[urt to assess witness] credibility, found that [Clifford was "kept] in the dark" by Noyes [as to the finances of] the Company, as to t[he payroll tax debt] during part of his inv[olvement with the com]pany. The Bankruptcy [Judge found that] Clifford, though he cou[ld hire and fire employ]ees, sign checks for ma[terial, sign corpo]rate notes, did not hav[e access to corporate] books nor to the secon[d account that the] Company used for pay[roll taxes.]

The Bankruptcy C[ourt determined that] on substantial eviden[ce Clifford] clearly testified that h[e did not have access to] books because Noyes, [the treasurer of the] corporation, kept the[m.] [Clifford further] stated that Noyes reta[ined control of payroll] taxes and assured hi[m that he would "take] care" of the payroll ta[xes. Clifford further] testified that he neve[r signed payroll checks] and only used corpo[rate accounts to buy] materials for insulatio[n jobs.]

The record contai[ns ample evidence in] support of the Bank[ruptcy Court's conclu]sion that Clifford lac[ked sufficient control of] corporate financial a[ffairs to be liable for the] payroll tax debt. Ba[sed on a review of the] record, this Court d[oes not have a "strong,] unyielding belief t[hat a mistake has been] made," and thus will [not disturb the conclu]sion that Clifford wa[s not a "responsible person."] *Cumpiano*, 902 F.2[d at 152.]

[footnote:] The IRS contends th[at...] non-delegable and claims [...] in allegedly finding that [...]

**87,268**      U.S. Tax Cases      17   4-5-2001
             Winter v. U.S.

1997). Relief from a judgment which is void is mandatory. See id. at 661.

Where relief is requested against the United States in a matter, the United States must be properly served. See id. at 660. Fed.R.Bankr.P. 9014 provides that:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.

Fed.R.Bankr.P. 7004 in turn requires service upon the United States to be made:

> by mailing a copy of the [motion] addressed to the civil process clerk at the office of the United States Attorney for the district in which the action is brought and by mailing a copy of the [motion] to the Attorney General of the United States at Washington, District of Columbia.

If service is not made as prescribed by Fed.R.Bankr.P. 7004, the Bankruptcy Court does not have jurisdiction over the United States and any judgment entered against the United States is void. See In re Laughlin [97-2 USTC ¶ 50,606], 210 B.R. at 661.

Here, because the First Disgorgement Order was issued with regard to a matter between Clifford and another creditor (BankBoston), and the United States was never properly served, the order was void and was properly vacated for lack of jurisdiction.

The Bankruptcy Court issued the Second Disgorgement Order on January 14, 2000, based upon its erroneous determination that the IRS was entitled to $3,765.33, rather than $12,586.15. The Second Disgorgement Order, which includes the wrong amount of Clifford's personal federal income tax liability, will therefore be reversed.

This Court will remand the case to the Bankruptcy Court so that it may enter the appropriate disgorgement order requiring the IRS to pay over to the bankruptcy estate $5,850.44, the difference between $18,436.59 (the sum Clifford remitted to the IRS) and $12,586.15 (his uncontroverted personal income tax liability).

*D. The IRS's Motion for Stay Pending Appeal*

Because this Court will fully dispose of this appeal in accordance with this Memorandum, it will deny as moot the IRS's motion for stay pending appeal.

### ORDER

For the reasons set forth in the Memorandum above:

1) the appellant's motions to consolidate appeals (Bankruptcy Appeals, 99-CV-40214, Docket No. 4, 00-CV-402158, Docket No. 3 and 00-CV-40159, Docket No. 3) are ALLOWED;

2) the decision of the Bankruptcy Court partially allowing Clifford's objection to the proof of claim is AFFIRMED IN PART, AND REVERSED, IN PART, and the case is REMANDED to the Bankruptcy Court to enter an appropriate order fixing Clifford's personal federal income tax liability for the years 1988 and 1992, with interest, at $12,586.15;

3) the Bankruptcy Court's avoidance of the First Disgorgement Order is AFFIRMED;

4) the Bankruptcy Court's allowance of the Second Disgorgement Order is REVERSED and the case is REMANDED to the Bankruptcy Court to enter an appropriate order requiring the IRS to disgorge $5,850.44 to the bankruptcy estate; and

5) the appellant's motion for stay pending appeal (Bankruptcy Appeal, 99-CV-40214, Docket No. 2) is DENIED.

So ordered.

---

[¶ 50,182]   **Michael G. Winter and Lynn M. Winter, Plaintiffs v. United States of America, Defendant.**

U.S. District Court, So. Dist. Tex., Houston Div.; CIV-98-3292, 10/4/2000, 2000 U.S. Dist. LEXIS 16024. Order adopting Magistrate's decision, 2000-2 USTC ¶ 50,780.

[*Code Secs. 3401 and 7422*]

**Refund suits: Terminated employee: Employment tax withholding: Duty of employer to remit: Employment relationship: Independent contractor v. employee.**—A terminated employee was entitled to a refund of the taxes, interest, and penalties that he had paid to the IRS in connection with wages from which his employer had withheld taxes but failed to remit those amounts to the IRS. The evidence at trial indicated that the taxpayer was an employee rather than an independent contractor. Consequently, the employer was obligated to withhold and remit the employment taxes and the taxpayer was entitled to a credit for the unpaid withholding taxes. Back references: ¶ 33,538.5057 and ¶ 41,688.478.

Donald J. Dombrowski, Houston, Tex., for plaintiffs. Manuel P. Lena, Jr. Department of Justice, Dallas, Tex., for defendant.

¶ 50,182                                                              ©2001, CCH INCORPORATED