AFFIDAVIT OF FRANCIS X. MOORE
04 10922-DPW

In 1990 the Martin F McDonough Post of South Boston incorporated. The new by-laws stated the corporation board of directors would control all activities of the Post. For instance, the board of directors would authorize payment of any expenditures, the board would assign duties to all the officers, and the board of directors could only be overruled by a vote of the members.

Two years later the members voted me to be the finance officer for a one year period starting 7/1/92. I met with the board and was instructed to take control of the two checking accounts, Post and Corporation. Since the by-laws stated two signatures were needed on all checks the board appointed the Post Commander, Robert Gooch, to approve all checks by signing them after the finance officer signed them. The bar manager was instructed to control the lounge receipts by depositing them in the bank daily. The Senior Vice Commander was responsible for collecting the yearly dues of the members. This was how the year began.

At the end of the year the corporate checking account had grown from $1700 to over $5100, all bills had been paid, and two law suits had been settled which meant the Post was now debt free. The members voted me to be the finance officer for another year starting 7-1-93 and the new commander was John Foley.

The board wanted changes and replaced the bar manager, Jack Carty, with Joseph Cannata. The board also announced an audit would be done and although the by laws stated a CPA would be hired Commander Foley did the audit. The audit took place in one night and the report was read at the July meeting of the members. The audit was for a two-year period since an audit had not been done the previous year. The report started by stating the records of the finance officer for the period 7-1-92 to 6-30 93 were acceptable. The report also stated the Post was spending more money than it took in – this was incorrect. The report also stated two law suits were still owed. This was incorrect as both suits had been settled. Finally the report stated a payroll had to cease- this was incorrect as there weren't any checks made for payroll since all members were volunteers. The following month at the August 93 meeting of the members the members who voted to have a payroll overruled the board of directors. Commander Foley stated the corporation would have to hire an accountant to file tax returns and advise how much withholding and Social Security taxes would be withheld. The board did not hire an accountant and time went by with the board telling the members that the Post could not afford a payroll. When the year ended the corporate checking account balance was over $18,500. In the next election I was voted to be finance officer for another year starting 7-1-94 and the new commander was Robert Egan. During this fiscal year the members voted to install air conditioning in order to earn enough profits to have a payroll. The Post continued to pay all bills and remain debt free. The members voted me to be the finance officer for a fourth year starting 7-1-95 and Robert Egan was again the Commander. In August of 1995 the Internal Revenue Service Non Profit Division arrived at the Post and informed the board that the Post was responsible for year ending returns, as the American Legion National Office did not cover them. The board hired an accountant and when these returns were completed the board retained the accountant to do payroll as well. The fiscal year ended 6-30-96 and I left office. In 1998 I was informed by the Internal Revenue that I was being audited for personal Income Taxes for the year's

1993, 1994 and 1995 due to monies received from the Post. I appealed and on 7-14 98 the appeals division ruled in my favor. In June 2000 I was contacted by the Internal Revenue Service and interviewed re: a penalty and as a result the IRS recommended an assessment of s$38,622.78. I appealed and received written notice I would get an appeal but in January 2003 was assessed this tax. I contacted the District Director and explained I had been an employee for over 29 years, was a disabled veteran, had been a union official and had received the Gallatin award for meritorious service with the IRS. I was notified shortly after the assessment was being voided and I would get my appeal. On 10-18-01 appeals officer Richard Jonas of the Boston appeals office contacted me asking for forms to be signed by me extending the statute for collection. I returned these signed forms and returned them. Agent Jonas made appointments for 2 meetings but cancelled both and stated he'd contact me in the future. I wrote to the Treasury Department in Washington, D.C. and requested a change of venue, which was granted. On 11/13/02 I met with the appeals officer in Nashua, N.H. and was informed that I could not tape record the meeting even though IRS literature stated this was my right. The appeals officer could not share any documents, which would show the Post had a payroll while I was the finance officer. On 2-14-03 the appeals officer ruled. I was responsible for a penalty of $27.474.81. On 3-13-03 I filed an 843 claim form with IRS and paid nine $100 payments for the nine quarters involved but never heard on the claim. I visited the taxpayer advocate again and was told the tax due was now $18,989. On 4-11-03 I filed through the Freedom of Information Act and on 9-1-04 received records. I then filed with the Federal Court to have a hearing. In regard to responsibility I was never responsible for filing tax returns. I was responsible for preparing checks but did not have the final authority as to which debts could be paid as I proceeded under instructions from the board of directors. In regard to willfulness I did not know of any Post assessments until 1999. I never refused to pay any Post bills and do not know who filed these tax returns although I was informed by IRS that they filed the returns. Among the files of the IRS obtained through the Freedom of Information Act the IRS states they did not know who was responsible for any underreporting of taxes by the Post. Therefore I ask that the tax be voided and the $900 I have paid be returned.

This is a true and correct affidavit signed on this 9th day of November, 2005

*[signature]*



U.S. Department of Justice

Tax Division

*Facsimile No. (202) 514-5238*
*Trial Attorney: Lydia Bottome Turanchik*
*Attorney's Direct Line: (202) 307-6560*

*Please reply to:*  Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

EJO'C:DPM:LBTuranchik
5-36-1070
CMN 2004104747

BY FEDERAL EXPRESS

OCT 20 2005

Mr. Francis X. Moore
56 Story Street
South Boston, Massachusetts 02127

      Re:   Francis X. Moore v. IRS/USA
             Case No. 04-10922-DPW (U.S.D.C. Mass.)

Dear Mr. Moore:

      We are in receipt of your offer to settle the above-captioned proceeding for $2,000.00. That offer is rejected on behalf of the Attorney General. However, the following counter-offer is authorized:

1. The entry of judgment against Mr. Moore in the amount of $9,500.00;

2. $2,500.00 to be paid immediately, and monthly payments of $1,000.00 for the remaining seven months, due on the 15th of each month to this office, with the final payment to be made June 15, 2006;

3. Upon the final $1,000.00 payment, the remaining tax liability will be abated, and the judgment will be marked satisfied.

      In the alternative, if you can make a payment in the amount of $9,500.00 within the next thirty days, then judgment need not enter against you, and the tax will be abated upon receipt of that payment.

      If this offer is acceptable, please notify this office in writing of your acceptance, and which method of payment you would prefer. This offer must be responded to by

- 2 -

Friday, October, 21, 2005.  If you have any questions, please do not hesitate to contact trial attorney Lydia Turanchik at (202) 307-6560.

                              Sincerely yours,

                              EILEEN J. O'CONNOR
                              Assistant Attorney General
                              Tax Division

By:

                              D. PATRICK MULLARKEY
                              Chief, Civil Trial Section,
                              Northern Region

1372054.1