IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS X. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 04-10922-DPW |
| ) | |
| INTERNAL REVENUE SERVICE (UNITED ) | |
| STATES GOVERNMENT), ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION TO STRIKE PORTION OF PLAINTIFF'S
AFFIDAVIT AND ATTACHED EXHIBIT

The United States, by its undersigned counsel, hereby moves this Court to strike (1) portions of Mr. Moore's November 14, 2005 affidavit, and (2) the exhibit attached to Mr. Moore's affidavit. As grounds for this motion, the United States asserts that certain portions of the affidavit and the attached exhibit are wholly irrelevant to the matters to be decided by this Court.

Any testimony regarding the appeals process and/or Mr. Moore's personal income tax audit, beginning with the last sentence of the first page, is wholly irrelevant to the de novo determination to be made by this Court. Relevant evidence is "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. This Court is making a de novo determination as to whether Mr. Moore is a responsible person under 26 U.S.C. § 6672; thus only the facts and circumstances relating to Mr. Moore's position at American Legion Post # 368 are relevant. The last sentence of the first page and the entire second page (but for the

1425792.1

four sentences beginning with "[i]n regard to responsibility . . ." and ending ". . . they filed the returns") contain information unrelated to the matters before this Court, and must not be admitted into evidence.

Finally, the exhibit attached to Mr. Moore's affidavit also must not be admitted into evidence. Pursuant to Rule 408 of the Federal Rules of Evidence, statements made during settlement negotiations are not admissible to establish liability or the invalidity of a claim. See Fed.R.Evid. 408. The exclusion of evidence of settlement offers is justifiable on two grounds:

> First, the rule illustrates Congress' desire to promote a public policy favoring the compromise and settlement of claims by insulating potential litigants from later being penalized in court for their attempts to first resolve their dispute out of court. Second, such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions. See Fed.Rule of Evid. 408, advisory committee note."

McInnis v. A.M.F., Inc., 765 F.2d 240, 247 (1st Cir. 1985). The document is simply irrelevant to the issues before this Court.

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by Federal Express on

 11/15/05 - Lydia Bottome Turanchik

RESPECTFULLY SUBMITTED,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov