IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS X. MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil No. 04-10922-DPW |
| INTERNAL REVENUE SERVICE (UNITED STATES GOVERNMENT), | ) ) ) ) |
| Defendant. | ) ) |

UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO ADMIT ROBERT GOOCH'S DEPOSITION TRANSCRIPT
INTO EVIDENCE PURSUANT TO RULE 32(a)(3)(C) & (D)

On October 7, 2005, counsel for the United States issued a subpoena for Mr. Gooch, requiring his appearance and testimony at a trial in this matter on November 16, 2005.  See Exhibit 1.  Constable Francis Davis made several attempts to serve this subpoena on Mr. Gooch at his home in South Boston.  See Exhibit 1. According to an upstairs neighbor, Mr. Gooch is recovering from orthopedic surgery in an unidentified rehabilitation center.  See Exhibit 1.  No additional information was provided by the individual neighbor.  See Exhibit 1.  After three unsuccessful attempts to serve the subpoena on Mr. Gooch, the constable's service issued its due diligence statement and informed counsel for the United States that service upon Mr. Gooch could not be made. See Exhibit 1.  Thus, the United States seeks to admit Mr. Gooch's deposition transcript into evidence in lieu of Mr. Gooch's appearance at trial.

A deposition "may be used by any party for any purpose if the court finds . . . that the witness is unable to attend or testify because of age, illness, infirmity, or

1425481.1

imprisonment, or . . . that the party offering the deposition has been unable to procure the attendance of the witness by subpoena." Fed.R.Civ.Pro. 32(a)(3)(C) & (D). The rules governing the admissibility of deposition testimony were designed to protect two of the fundamental tenets of our judicial system; reliability and the right to cross-examination. However, a trial court has broad discretion in determining the admissibility of evidence, and the First Circuit Court of Appeals has held that this same deference "attaches to the court's rulings under Rule 32." Daigle v. Maine Medical Center, 14 F.3d 684, 691 (1st Cir. 1994). See also Fairfield 274-278 Clarendon Trust v. Dwek, 970 F.2d 990, 995 (1st Cir. 1992) (*citing* Willhauck v. Halpin, 953 F.2d 689, 717 (1st Cir. 1991); Belber v. Lipson, 905 F.2d 549, 551 (1st Cir. 1990)). Furthermore, a determination of unavailability under Federal Rule 32 does not require an evidentiary hearing; under ordinary circumstances it requires only a reliable explanation of the deponent's whereabouts. See Daigle, 14 F.3d at 691.

In this matter, Constable Davis has provided a reliable explanation as to Mr. Gooch's extended illness and the Constable's inability to serve the subpoena on him. Furthermore, Mr. Moore was present at Mr. Gooch's deposition and in fact cross-examined him during that proceeding, satisfying the cross-examination concerns of the Federal Rules. Finally, Mr. Moore has assented to the admissibility of this transcript into evidence. As a result, the United States respectfully requests that this Court admit

the deposition testimony of Robert Gooch in lieu of his appearance at trial pursuant to

Rule 32(a)(3)(C) & (D).

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by Federal Express on

 11/15/05 - Lydia Bottome Turanchik   

RESPECTFULLY SUBMITTED,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov